J-S32042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR POWELL, | : | |
| | : | |
| Appellant | : | No. 59 EDA 2020 |

Appeal from the PCRA Order Entered December 3, 2019,
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s): CP-39-CR-0002378-2006.

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED AUGUST 28, 2020**

Omar Powell appeals from the order denying his fifth petition filed

pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-9546.  We

affirm.

The pertinent facts and partial procedural history have been

summarized as follows:

> [Powell] was arrested on drug charges in July of 1996 in
> [the victim's] home.  [Powell's] trial on those drug charges
> was scheduled for March 3, 1997.  [The victim] was going
> to testify at the drug trial that the drugs found in her home
> belonged to [Powell].  The March 3, 1997 trial was
> continued.
>
> In the early morning hours of March 10, 1997, officers
> from the Allentown Police Department responded to a report
> of a shooting at 7th and Allen Streets.  Officers found [the

---

[*] Retired Senior Judge assigned to the Superior Court.

victim] lying in the street at that location, dead from multiple gunshots to the head.

On the night and early morning hours prior to the murder, [Powell] had been transporting cocaine and guns from New York to Allentown with two friends and an acquaintance he did not know. While [Powell] drove on 7th Street in Allentown, he spotted [the victim]. He drove around the block, parked his car and asked one of his friends, Reginald Tyson (Tyson) to get out of the car with him. [Powell] and Tyson walked up to [the victim] and waited for a car stopped at the light at the intersection where [she] was standing to drive off. Once it did, [Powell] said something to [the victim] and shot her in the head. [Powell] and Tyson ran back to the car, stated to their friend waiting in the car that they thought [the victim] was dead, and drove to the room where they were staying in Allentown. The gun was later taken back to New York.

On March 12, 1997, [Powell] was arrested for a separate incident on charges of possession of a firearm without a license. As a result of [the victim's] death, the Commonwealth's 1996 drug case [against Powell] was significantly weakened and the prosecutor offered [Powell] a plea agreement for the drug case and the possession of a firearm to run concurrently.

A federal inmate named Dimitris Smith (Smith) had provided statements to the Commonwealth implicating [Powell] in the murder of [the victim]. He had also provided investigators with the name of an eyewitness to the murder, Tyson, an inmate incarcerated in New York state prison.

[Powell] was subsequently arrested in 2005 for the homicide of [the victim]. Both Smith and Tyson testified against [Powell] at trial and told the jury that [Powell] had killed the victim to prevent her from testifying against him in a state drug prosecution.

In addition to Smith and Tyson, the Commonwealth presented three federal inmates as witnesses against [Powell.] The witnesses testified that [Powell] confessed to killing [the victim] while they were incarcerated together at Lehigh County Prison.

***Commonwealth v. Powell***, 116 A.3d 674 (Pa. Super. 2014), unpublished memorandum at 1-2, *appeal denied*, 114 A.3d 416 (Pa. 2015).

On March 29, 2007, a jury convicted Powell of first degree murder and, on April 17, 2007, the trial court sentenced him to life in prison. Powell filed a timely appeal. In an unpublished memorandum filed on July 14, 2008, this Court affirmed Powell's judgment of sentence, and, on November 13, 2008, our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Powell***, 959 A.2d 271 (Pa. Super. 2008), *appeal denied*, 961 A.2d 859 (Pa. 2008).

Powell timely filed his first *pro se* PCRA petition on August 24, 2009. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. The PCRA court held an evidentiary hearing on January 26, 2010. By order entered June 25, 2010, the PCRA court denied the petition. Powell filed a timely appeal to this Court. In an unpublished memorandum filed on August 22, 2011, we affirmed the PCRA Court's denial of post-conviction relief, and our Supreme Court denied Powell's petition for allowance of appeal on March 13, 2012. ***Commonwealth v. Powell***, 32 A.3d 839 (Pa. Super. 2011), *appeal denied*, 40 A.3d 1235 (Pa. 2012).

Over the next five years, Powell filed multiple *pro se* PCRA petitions, all of which the trial court denied as untimely filed, and this Court affirmed after concluding that Powell did not plead and prove an exception to the PCRA's time bar. In affirming the denial of post-conviction relief in 2013, we affirmed the PCRA court's rejection of Powell's claim that his newly discovered

purported **Brady**[1] violations by the Commonwealth. **See Commonwealth v. Powell**, 82 A.3d 463 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 83 A.2d 168 (Pa. 2013). In 2014, we affirmed the PCRA court's rejection of Powell's newly-discovered evidence claim based upon an affidavit prepared by Rodney "Sha" Houston, a fellow federal inmate who was allegedly informed that someone other than Powell had killed the victim. **See Powell**, *supra*. Finally, in 2018, we affirmed the PCRA court's rejection of Powell's newly-discovered claim based upon an affidavit from a previously unavailable witness who was now willing to testify that someone else committed the victim's murder. **Commonwealth v. Powell**, 185 A.3d 1104 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 220 A.3d 619 (Pa. 2019).

On July 9, 2019, Powell filed the *pro se* PCRA petition at issue, his fifth. Although conceding that his petition was untimely, Powell asserted that he could establish the newly-discovered evidence exception "based upon alleged information provided to [Powell] by a fellow inmate while the two were strolling in the 'main yard' of their state correctional institution more than twenty-one years after the murder of [the victim]." PCRA Court Opinion, 3/18/20, at 1. On October 2, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Powell's petition. Powell filed a timely response, as well as a motion to amend his petition, which the PCRA court granted. Thereafter, Powell submitted both an amended and supplemental petition. On

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

November 6, 2019, the PCRA court issued a second Rule 907 notice. Powell filed a response, as well as another request for leave to amend his petition. By order entered December 3, 2019, the PCRA Court denied Powell leave to amend his petition; the court also denied Powell's fifth PCRA because it was untimely filed and Powell failed to plead and prove a PCRA time-bar exception. This timely appeal followed. Both Powell and the PCRA court complied with Pa.R.A.P. 1925.

Powell now raises the following issues on appeal:

1). Does [Powell's] actual [innocence] claim [serve] as a gateway through which [he] may pass to overcome a procedure, or [statute] of limitations bar?

2). Did the PCRA court abuse its discretion when it implied or inferred that [Powell's] newly-discovered evidence was merely cumulative without following clearly established law pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) before coming to its conclusion?

3). Did the PCRA court [err] when it improperly grafted on additional requirements to the newly-discovered facts exception (42 Pa.C.S. § 9545(b)(1)(ii)?

4). Did the PCRA court [err] when it [failed] to hold an evidentiary hearing to allow [Powell] to attempt to further [develop] the record?

5). Did the PCRA court [err] when it determined that five (5) Commonwealth witnesses['] testimonies were absolutely conclusive of [Powell's] guilt of the crime, without holding [an] evidentiary hearing to make an independent credibility determination of the newly[-]discovered witness's prospective testimony?

6). [Do] pro se litigants, specifically minorities, routinely get denied the opportunity and the right by the PCRA court to utilize favorable case law in support of their claims the same as those who are represented by counsel in violation of the

> Equal Protection Clause of the Pennsylvania and the United
> States Constitution?

Powell's Brief at unnumbered 4-5 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Before addressing the issues raised by Powell, we must first determine if the PCRA court correctly concluded that his fifth petition was untimely. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] A PCRA petition invoking one of these

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

statutory exceptions must be filed within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016).

Here, this Court has previously held that Powell's judgment of sentence became final on February 11, 2009. *See Powell*, *supra*, unpublished memorandum at 7. Because Powell filed the petition over nine years later, it is patently untimely, unless Powell has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Powell has failed to prove the applicability of any of the PCRA's time-bar exceptions. Within his PCRA petition Powell argued the newly-discovered evidence of an alibi witness renders his petition timely. According to Powell, in 2018 he met a fellow inmate in the prison yard, Kevin Williams, a/k/a Kirby Stewart. According to a September 21, 2018 witness certification signed by Inmate Williams, "during the 'early morning hours of March 1997,' he was on his way to 'rob' [Powell] of 'money and narcotics,' a plan abandoned, when he remembered seeing [Powell], for a brief moment, standing on the porch of his

---

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

residence. Inmate Williams in his certification then attempts to extrapolate his observations of police activity at the crime scene to preclude [Powell's] presence when [the victim] was murdered." PCRA Court Opinion, 3/18/20, at 2.

With this claim, Powell attempted to establish the PCRA's timeliness exception found at section 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, the PCRA court concluded that Powell could not establish due diligence in bringing his claim, and, even if he did, Powell cannot establish his

claim of after-discovered evidence. Our review of the record supports both of these conclusions.

In concluding that Powell could not establish the timeliness exception, the PCRA court reasoned:

> Although [Powell's] rendezvous with his fellow inmate in the prison yard is rather dubious, on its face it falls within the timeframe of Section 9545(b)(2). However, [Powell], as he had done with prior PCRA petitions, found people decades later who just happen to remember information about the night of [the victim's] murder. Of course, he is unable to explain why he could not have learned the new facts earlier with the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. The failure to question or investigate an obvious, available source of information, precludes claiming later that it constitutes newly discovered evidence. Inmate Williams was someone known by [Powell], as both were fellow inmates at the same state correctional institution. It is doubtful that during a leisurely walk, Inmate Williams suddenly had an epiphany moment regarding his whereabouts twenty-one (21) years earlier.
>
> Moreover, the focus of this exception is on newly-discovered facts, not a newly discovered or newly willing source for previously known facts. The alleged new fact (i.e. someone else committed the underlying murder) was already brought to this Court's attention in previous unsuccessful PCRA petitions. [Powell's] use of Inmate Williams is just another conduit for the same claim, which does not transform his latest source into evidence falling within the ambit of [section] 9545(b)(ii).

PCRA Court Opinion, 3/18/20, at 3-4 (citations omitted).

Our review of the record supports the PCRA court's conclusion. As the PCRA court noted in its initial Rule 907 notice:

> Not only did five (5) witnesses implicate [Powell] in the shooting death, but [he] comes up with new theories each time he files a PCRA [petition]. On this occasion, he does not name a new shooter, but contends by virtue of the submitted affidavit that it could not have been him. In his last petition, [Powell] specifically implicated Dimitrus Smith, a witness who testified against him at trial. Previously, [Powell] provided an affidavit by Rodney "Sha" Houston implicating "Haitian Mike" Anderson in the murder.

Rule 907 Notice, 10/2/19, at 3 n. 10. We agree that, at best, Inmate Williams' affidavit constitutes a newly willing source of a previously known fact.[3]

The PCRA court further determined that, even if he had met a timeliness exception, Powell would be unable to establish that the after-discovered evidence would have entitled him to relief in the form of a new trial.

To address the PCRA court's conclusion, we first note the test applied to after-discovered evidence. When discussing the test in the context of a PCRA appeal, our Supreme Court recently summarized:

> [W]e have viewed this analysis in criminal cases as comprising four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test applies

---

[3] The fact that this new evidence purportedly establishes an alibi for Powell does not change our conclusion, especially when we consider his alibi evidence at trial alleged he was at his girlfriend's house at the time the victim was murdered, rather than his own home. *See* N.T., 3/20/07, at 29, 99; 3/26/07, at 28, 76.

with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA. In addition, we have held the proposed new evidence must be producible and admissible.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

In addition, we note that credibility determinations are an integral part of determining whether a PCRA petitioner has presented after-discovered evidence that would entitle him to a new trial. *See*, *e.g.*, *Small*, 189 A.3d at 978-79 (remanding for the PCRA court to make relevant credibility determinations). We have stated, prior to granting a new trial based on after-discovered evidence, "a court must assess whether the alleged after-discovered evidence is of such a nature and character that it would likely compel a different verdict if a new trial is granted." *Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010). "In making this determination, a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." *Id.*

Here, the PCRA court concluded that Powell's proposed after-discovered evidence would not likely result in a different verdict if a new trial was granted. The court supported this conclusion by reasoning as follows:

> The Williams [certification] lacks integrity for a variety of reasons, including those previously explained. [It] is based on an alleged recollection of events from decades earlier by a fellow inmate of [Powell's]. The circumstances, i.e., Williams remembers he was on his way to rob [Powell] when he happened to be in the neighborhood of the murder strains credulity. Williams also has nothing to lose by coming up with such a far-fetched story. He cannot be prosecuted, and telling a story to help a friend or relative

- 11 -

"beat the rap" cannot be viewed as an extraordinary occurrence. William's placement in a state correctional institution also points to a criminal lifestyle, and this Court did not abuse its discretion in dismissing [Powell's] PCRA [petition] without a hearing.

PCRA Court Opinion, 3/18/20, at 5 (citations omitted).

Our review of the record supports this conclusion, given the "overall strength of the evidence supporting [Powell's] conviction." **Padillas**, **supra**. The claim made by Inmate Williams in his certification contradicts the trial testimony of several witnesses to the homicide including Tyson, an eyewitness who testified he saw Powell shoot and kill the victim. Dimitrus Smith also testified that he was with Tyson and Powell on the night in question and, after the two men returned to the car, Powell stated, "I think she's dead." Additionally, three federal inmates testified that Powell confessed to them that he killed the victim. Finally, Powell informed the police that he, at the time of the murder he was with his girlfriend at an address different from the one mentioned by Inmate Williams in his certification. **See** n. 3, **supra**. Given these circumstances, even if Powell's fifth PCRA petition was considered timely, his after-discovered evidence would not entitle him to relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/20

- 12 -